The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as:
STIPULATIONS
1. At all times relevant hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all such times an employer/employee relationship existed between the employee-plaintiff and the employer-defendant.
3. The employer-defendant was a qualified self-insured.
4. At the time the employee-plaintiff began wearing protective hearing devices and was thus removed from any alleged exposure to harmful noise in the work place on December 1, 1987, his average weekly wage was sufficient to yield the maximum compensation rate in effect at that time which was $308.00 per week.
5. That the plaintiff began the regular use of employer provided protective hearing devices capable of preventing loss of hearing from harmful noises on December 1, 1987.
6. In addition, the parties stipulated into evidence sound level surveys conducted by the employer-defendant in 1977, 1982, 1991, and 1993, as well as audiometric examination results and summaries thereof between 1978 and 1994.
* * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
FINDINGS OF FACT
1. At the time of the initial hearing, employee-plaintiff was 45 years of age and had been employed with the employer-defendant since 1973.
2. From 1973 to 1980, the employee-plaintiff worked for the employer-defendant in an area of the plant called the tire room. At no time during the course of his employment in the tire room was he exposed to harmful noise in excess of 90 decibels.
3. In 1980, the employee-plaintiff moved from the tire room to the warehouse, where he primarily operated a forklift. He worked in the warehouse through 1986. At no time during this period of his employment was he exposed to harmful noise in excess of 90 decibels.
4. From 1986 through December 1, 1987, the employee-plaintiff worked as a plumber and pipe fitter for the employer-defendant. As part of his employment, the employee-plaintiff is required to work in different parts of the plant on an as needed basis, and his work requires him to walk through other parts of the plant on a daily basis. Sound level surveys conducted by the employer-defendant at different areas of the plant show only minimal periods of time where noise levels exceed 90 decibels. The sound level surveys are insufficient to convincingly establish that at any time between 1986 and 1987 the employee-plaintiff had prolonged exposure to harmful noise (noise in excess of 90 decibels) while working for the employer-defendant.
5. The employee-plaintiff has a family history of hearing loss, with his sister and possibly his brother both having suffered loss of hearing. In addition, the employee-plaintiff engages in numerous activities outside of the work place that expose him to harmful noises, including motorcycle riding and hunting.
6. After beginning to use employer provided protective hearing devices capable of preventing loss of hearing on December 1, 1987, the employee-plaintiff has continued to suffer deterioration in his hearing, which would be inconsistent with hearing loss that had been caused by exposure to harmful noise in the workplace.
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find and conclude as follows:
CONCLUSIONS OF LAW
1. The employee-plaintiff was last exposed to any potential harmful noise with the employer-defendant as of December 1, 1987, the date upon which his employer provided him hearing protection devices capable of preventing loss of hearing. This claim was properly presented more than six months after the last exposure to the alleged harmful noise. N.C.G.S. 97-53(28)(i).
2. The employee-plaintiff's hearing loss is not the result of prolonged exposure to harmful noise in his employment with the employer-defendant. N.C.G.S. 97-53(28)(b).
3. The employee-plaintiff's hearing loss is not compensable as an occupational disease pursuant to N.C.G.S. 97-53(28).
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for benefits must be and is HEREBY DENIED.
2. Each side shall pay its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the _____ day of ___________________________, 1997.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 02/05/97